IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC W. BELL, )
        Plaintiff(s), ) No. C 09-3998 CRB (PR)
  vs. ) ORDER OF DISMISSAL WITH
GREG AHERN, Sheriff, ) LEAVE TO AMEND
        Defendant(s). )

While plaintiff was incarcerated at the Alameda County Jail ("ACJ"), he filed a pro se civil complaint under 42 U.S.C. § 1983 alleging improper medical care for a serious skin infection. He names no individual defendants other than Alameda County Sheriff Greg Ahern.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).[1]

Plaintiff will be afforded an opportunity to amend to allege a § 1983 claim for damages for deliberate indifference to serious medical needs, if possible. He must also name individual defendants and allege how each of them actually and proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The Alameda County Sheriff's Office and Sheriff Ahern cannot be liable under § 1983 solely on the theory that they were responsible for the actions or omissions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order

---

[1] Although pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

| | |
|---|---|
| 1 | and the words FIRST AMENDED COMPLAINT on the first page.  Failure to |
| 2 | file a proper amended complaint within the designated time will result in the |
| 3 | dismissal of this action. |
| 4 |      Plaintiff is advised that the amended complaint will supersede the original |
| 5 | complaint and all other pleadings.  Claims and defendants not included in the |
| 6 | amended complaint will not be considered by the court.  <u>See</u> <u>King v. Atiyeh</u>, 814 |
| 7 | F.2d 565, 567 (9th Cir. 1987). |
| 8 | SO ORDERED. |
| 9 | DATED:  March 11, 2010 |

CHARLES R. BREYER
United States District Judge